1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KEITH RUBEN BRIDGEWATER,

11            Plaintiff,                    No. CIV S-10-3343 JAM EFB P

12        vs.

13   TIM VIRGA, et al.,

14            Defendants.                   <u>ORDER</u>

15   _____/

16        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  On June 8, 2011, the court dismissed plaintiff's complaint with leave to amend.

18   On August 23, 2011, plaintiff filed an amended complaint.

19        Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in

20   which a prisoner seeks redress from a governmental entity or officer or employee of a

21   governmental entity."  28 U.S.C. § 1915A(a).  "On review, the court shall identify cognizable

22   claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous,

23   malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

24   from a defendant who is immune from such relief."  *Id.* § 1915A(b).

25        In the original screening order, the court found that plaintiff had not stated a cognizable

26   claim for relief against any defendant.  Dckt. No. 8.  The court summarized plaintiff's allegations

1

regarding his legal mail and inmate appeals, including the alleged acts of defendants Lewis, McGowan, and Virga.  The court informed plaintiff of the legal standards for stating an access to the courts claim, and further informed plaintiff that he had failed to allege an actual injury under those standards and had therefore failed to sufficiently allege an unconstitutional denial of access to the courts.  The court also stated that the complaint failed to sufficiently allege a First Amendment retaliation claim because it included no allegations suggesting that any identifiable defendant tampered with plaintiff's mail  in retaliation for plaintiff's exercise of a constitutionally-protected right, or in retaliation for filing a grievance.  Finally, the court informed plaintiff that his conclusory allegations against defendant Virga failed, as there is no respondeat superior liability under § 1983.  The court granted plaintiff leave to amend, but warned plaintiff as follows::

> Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  Unrelated claims against different defendants must be pursued in multiple lawsuits.  "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).  Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint.  *George*, 507 F.3d at 607 (no "buckshot" complaints).

*Id.* at 5.

In the amended complaint, plaintiff names Hicks, Virga, Hazlewood and Turner as defendants.  He claims "prison officials have had long-standing knowledge/awareness for over (15) Years, that serious deprivations of safe and meaningful access to upper Bunk Beds, that the State ("CDC&R") Manufactured, resulting in defective structural designs, causing multiple physical injuries to inmates."  Dckt. No. 13 at 1.

1    Plaintiff's amended complaint is not at all responsive to the court's original screening

2  order and ignores the court's warning about changing the nature of this suit by adding new and

3  unrelated claims.  The amended complaint contains no allegations regarding any First

4  Amendment claims against McGowan, Lewis or Virga, and instead concerns purported Eighth

5  Amendment claims relating to bunk bed safety.[1]  Because the amended complaint violates the

6  court's original screening order and includes claims and defendants that are not properly joined

7  in this action, it will be dismissed.

8    Any amended complaint must correct the deficiencies identified by the court in this

9  order, as well as the June 8, 2011 order.

10    Should plaintiff choose to file a second amended complaint, he shall identify each

11  defendant in both the caption and the body of the amended complaint, and clearly set forth the

12  allegations against each such defendant.   Any amended complaint must be complete in itself

13  without reference to any prior pleading.  E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d

14  55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is

15  superseded.

16    Plaintiff is hereby reminded that the original complaint concerned alleged issues with his

17  mail and inmate appeals and attempted to state First Amendment access to the courts and

18  retaliation claims against defendants Virga, Lewis, and McGowan.  Plaintiff is again warned that

19  he may not change the nature of this suit by alleging new, unrelated claims in an amended

20  complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

21  Should plaintiff file a second amended complaint that suffers from improper joinder, this action

22  will be dismissed without further opportunity to amend.

23  ////

24  ////

25

26  _____

[1] Plaintiff may pursue these claims in a separate lawsuit by filing a new complaint and
application to proceed in forma pauperis, after first exhausting his administrative remedies.

3

1    Accordingly, the court hereby ORDERS that the August 23, 2011 amended complaint is

2    dismissed with leave to amend within 30 days.  The second amended complaint must bear the

3    docket number assigned to this case and be titled "Second Amended Complaint."  Failure to file

4    an amended complaint will result in dismissal for failure to state a claim.

5    Dated:  November 28, 2011.

7    EDMUND F. BRENNAN
     UNITED STATES MAGISTRATE JUDGE